UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND MCCULLER,

          Petitioner,

v.                                                    Case Number: 08-CV-15152
                                                    Honorable Lawrence P. Zatkoff

DEBRA SCUTT,

          Respondent.
_____/

**OPINION AND ORDER
GRANTING REQUEST TO STAY PROCEEDINGS, STAYING CASE WITH
CONDITIONS, AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

Petitioner Raymond McCuller, a state inmate recently paroled on May 28, 2009, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on December 15, 2008. On December 16, 2008, the Court ordered Respondent to file a response to the petition by June 22, 2009, which she did. Before the Court now is Petitioner's "Request to Stay and Abey (sic) Federal Habeas Corpus Proceedings" [dkt. # 5]. Petitioner has filed a motion for relief from judgment pursuant to Mich.Ct.R. 6.500 in the state courts, alleging ineffective assistance of appellate counsel for failure to raise the issue raised in his present habeas petition. Because Petitioner's claim is of constitutional magnitude, the Court grants Petitioner's request for a stay.

**I.**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief

if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Since filing the petition, Petitioner now believes that there may be an unexhausted federal constitutional claim of merit–his ineffective assistance of appellate counsel claim. As a result, Petitioner is requesting a stay because he would like to give the state courts the first opportunity to correct any possible unexhausted claims. Petitioner asks this Court to exercise its authority and hold his petition for writ of habeas corpus in abeyance. Having considered the matter, the Court finds that it is appropriate to stay this case.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims

are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

In this case, Petitioner has shown the need for a stay. It appears that Petitioner's ineffective assistance of appellate counsel claim was not exhausted in the state courts. The one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Furthermore, Petitioner's claim does not appear to be "plainly meritless." *Rhines*, 544 U.S. at 277. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

## II.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies as to the claim stated. Rather than dismiss the petition, the Court **GRANTS** Petitioner's request to stay proceedings and **STAYS** this action so that Petitioner can fully exhaust state-court remedies as to his claim. The stay is conditioned on Petitioner presenting his unexhausted claim to the state courts within sixty (60) days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within sixty (60) days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

The Clerk of the Court is ordered to **CLOSE** this case for statistical purposes only. Nothing

3

in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claim.

**IT IS SO ORDERED.**

                        S/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated: July 10, 2009

CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 10, 2009.

                        S/Marie E. Verlinde
                        Case Manager
                        (810) 984-3290